**GUO LIANG ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

**Docket No. 03–40228.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

On submission (Norman Kwai Wing Wong, New York, NY), for Petitioner.

On submission (Todd P. Graves, United States Attorney, Western District of Missouri, Jeffrey P. Ray, Assistant United States Attorney, Kansas City, MO), for Respondent.

PRESENT: WINTER, JACOBS, Circuit Judges, and GLEESON,* District Judge.

### SUMMARY ORDER

Guo Liang Zheng, a citizen of the People's Republic of China, petitions for review of a July 1, 2003 order of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New

Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)). The IJ deemed Zheng not credible and, based on that ruling, concluded that Zheng was ineligible for asylum and withholding of removal. The BIA affirmed that determination and rejected Zheng's request for CAT relief, holding that Zheng "ha[d] not presented evidence establishing that it is more likely that not that he will be tortured upon returning to China." These rulings were supported by substantial evidence.

For the reasons set forth above, the petition is hereby **DENIED**. The outstanding motion for stay of removal is hereby **DENIED** as moot.